U.S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED AND FILED

MAY 20 2026

JENNIFER P. LYONS, CLERK

BY_____
DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

UNITED STATES OF AMERICA

v.

YIWEN ZHEN

No. 2:26-cr- 00064-SDN

## INDICTMENT

The Grand Jury charges:

### General Allegations

1. Defendant, YIWEN ZHEN, at all relevant times resided in the District of Massachusetts.

2. MORTGAGE LENDER 1 is a wholesale mortgage lender based in Michigan. MORTGAGE LENDER 1 underwrites and issues mortgage loan products for mortgage brokers, including MORTGAGE BROKER 1.

3. MORTGAGE BROKER 1 is a mortgage brokerage based in Massachusetts. MORTGAGE BROKER 1 contracts with prospective mortgage borrowers to intake and process loan applications and supporting documentation, then submits such materials as the basis for financing to be approved by wholesale mortgage lenders, including MORTGAGE LENDER 1.

4. LAW FIRM 1 was, at all relevant times, based in Maine. LAW FIRM 1 offered real estate closing services as a settlement agent.

5. MORTGAGE LENDER 1 underwrote and made credit decisions concerning mortgage financing based on the truth, accuracy, and completeness of the information and documentation submitted by and on behalf of prospective borrowers in connection with loan applications. A mortgage loan sought by a prospective borrower to

1

buy a primary residence was underwritten differently than one sought for the purpose of an investment property, received an interest rate specific to the property being used for residential purposes, and required a down payment amount specific to the property being purchased as a primary residence.

6.      The defendant became the owner of record of a property in Dixfield, Maine (the "Dixfield Property") in about May 2021. The Dixfield Property was purchased by the defendant with approximately $250,000 in residential mortgage loan financing provided by MORTGAGE LENDER 1.

7.      The defendant, at all relevant times, was a banking customer of Bank of America and the individual account owner of a Bank of America savings account ending -9437 and a Bank of America checking account ending -9831. Bank of America is a major financial institution with locations throughout the United States, including in Massachusetts and Maine.

8.      Following the closing and sale of the Dixfield Property, MORTGAGE LENDER 1 initially held the residential mortgage granted in the name of the defendant, with rights under a note and mortgage.

Scheme to Defraud

9.      Beginning in about March 2021 and continuing through about May 2021, the defendant executed and attempted to execute a scheme to defraud MORTGAGE LENDER 1 and to obtain mortgage loan financing from MORTGAGE LENDER 1 based on false and fraudulent pretenses, representations, and promises, namely, that she intended to occupy and use the Dixfield Property as her primary residence.

10.      On about March 31, 2021, a Uniform Residential Loan Application bearing the defendant's electronic signature was submitted to MORTGAGE BROKER 1, falsely

2

indicating that she was seeking a $250,000 mortgage loan to buy the Dixfield Property to occupy it as her primary residence. MORTGAGE BROKER 1 thereafter processed and submitted such loan application to MORTGAGE LENDER 1, which received the loan application and conditionally approved the defendant for a primary residence mortgage loan to purchase the Dixfield Property.

11. On about May 26, 2021, in furtherance of the scheme to defraud MORTGAGE LENDER 1, the defendant transferred and caused to be transferred approximately $70,000 from her Massachusetts-based Bank of America savings account ending -9437 to her Bank of America checking account ending -9831. Using such funds, she then caused a Bank of America branch in Maine to issue a bank check from the Bank of America checking account ending -9831 in the amount of approximately $98,175.39, which check the defendant thereafter used to pay LAW FIRM 1 to close on the Dixfield Property.

12. Also on about May 26, 2021, the defendant committed and caused to be committed the following additional acts, among others, in furtherance of the scheme to defraud MORTGAGE LENDER 1, in furtherance of the closing in the District of Maine:

a. The defendant signed and caused to be submitted to MORTGAGE LENDER 1 a final Uniform Residential Loan Application, in which she misrepresented and falsely claimed that she was buying the Dixfield Property to occupy it as her primary residence.

b. The defendant signed and caused to be submitted to MORTGAGE LENDER 1 a Borrower's Certification and Authorization, in which she misrepresented and falsely certified that her loan application containing information on the purpose of the loan was true and

3

complete.

c.    The defendant signed and caused to be submitted to MORTGAGE LENDER 1 a Loan Quality Initiative Disclosure, in which she falsely stated that she would occupy the Dixfield Property as her primary residence.

d.    The defendant signed and executed a note and mortgage for the Dixfield Property, in which she falsely promised and agreed that she would occupy and use it as her primary residence.

13.    An object of the defendant's scheme was to obtain money and property from MORTGAGE LENDER 1.

14.    The defendant's false statements and misrepresentations resulted in MORTGAGE LENDER 1 disbursing approximately $250,000 in fraudulently obtained residential mortgage loan proceeds from its bank accounts in Michigan to LAW FIRM 1's trust account in Maine, which funds were used by the defendant to purchase the Dixfield Property as an investment for the purpose of renting it to third-party occupants.

15.    The defendant knew that she would not occupy the Dixfield Property as her primary residence. After closing on the property, the defendant continued to live and work in Massachusetts. Rather than use the Dixfield Property as her primary residence, the defendant rented to tenants, who used the Dixfield Property to illegally cultivate and manufacture marijuana.

## COUNTS ONE AND TWO
### Wire Fraud
### (18 U.S.C. § 1343)

16.    Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

17.    From on about March 2021 and continuing through at least about May 2021, in the District of Maine and elsewhere, the defendant,

YIWEN ZHEN,

having devised and intending to devise the scheme to defraud described above, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire communications in interstate commerce the writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, each transmission constituting a separate count as set forth below:

| Count | Approximate Date | Description |
|---|---|---|
| 1 | May 26, 2021 | Bank of America transfers for Dixfield Property closing costs |
| 2 | May 26, 2021 | Closing documentation resulting in disbursement of approximately $250,000 in residential mortgage loan funds from MORTGAGE LENDER 1 to LAW FIRM 1's trust account |

18.    Thus, the defendant violated Title 18, United States Code, Section 1343.

### FORFEITURE NOTICE

19.    Upon conviction of any of the offenses in violation of Title 18, United States Code, Section 1343, as set forth in Counts One through Two of this Indictment, the defendant,

YIWEN ZHEN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds the defendant obtained directly or indirectly as the result of the offenses including, but not limited to, a

5

money judgment in the amount of all such proceeds.

20.    If any of the property described in Paragraph 19, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(2)(A), as a result of any act or omission of the defendant—

      a.  cannot be located upon the exercise of due diligence;

      b.  has been transferred or sold to, or deposited with, a third party;

      c.  has been placed beyond the jurisdiction of the Court;

      d.  has been substantially diminished in value; or

      e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described herein.

21.    All pursuant to 18 U.S.C. § 982.

Dated: MAY 20, 2026, at Portland, Maine.

Signature Redacted – Original on file with the Clerk's Office

FOREPERSON

_____
ASSISTANT UNITED STATES ATTORNEY

6